UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LLAMIDO,<br><br>Defendant. | Case No.   6:22-po-00299-HBK-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL<br><br>(Doc. No. 8) |

Before the court is pro-se Defendant Kevin Llamido's motion to dismiss filed on January 17, 2023. (Doc. No. 8). On May 29, 2022, Defendant was issued Violation Notice E1166815 for failing to comply with the direction of a traffic control device by passing on a solid double yellow centerline in violation of 36 C.F.R. § 4.12. (Doc. No. 1). Defendant seeks dismissal of the violation because (1) he did not violate California Vehicle Code ("CVC") § 21706; (2) the time of the incident as indicated on the violation notice is incorrect; (3) Defendant legally passed an ambulance on Northside drive and did not pass an ambulance on Highway 41 as indicated on the violation notice; and (4) the Park Ranger pulled over the wrong person because Defendant was not properly identified by the reporting Park Ranger. (Doc. No. 8 at 2-3).

On January 27, 2023, the Government filed its opposition. (Doc. No. 10). The Government argues there was reasonable suspicion to stop the Defendant based upon a specific description of criminal activity. (*Id*. at 3). Further, the Government explains that the Defendant

1

raises material issues of fact, and in the alternative, that there should be an evidentiary haring and the Defendant can renew his motion at the end of the Government's case in chief. (*Id*.). As more fully set forth herein, the Court denies Defendant's Motion.

## I. BACKGROUND

According to the probable cause statement in support of the violation notice, Park Ranger Kristin Higgins was driving an ambulance southbound on Highway 41 within the boundaries of Yosemite National Park. (Doc. No. 1-2). Ranger Higgins reported that at 1740 on March 29, 2022, two motorcycles passed her in a no-passing zone. (*Id*.). Ranger Higgins described both motorcycles and their direction of travel. At 1745, Ranger Chad Andrews saw two motorcycles matching the description and direction of travel. (*Id*.). Ranger Andrews pulled over the Defendant who admitted to passing an ambulance but thought he did a legal "lane splitting" maneuver. (*Id*.). Ranger Andrews spoke with Ranger Higgins who informed him that she watched the Defendant pass her and that the Defendant completely moved into the oncoming lane of travel when he passed her. (*Id*.). Defendant was issued a violation notice for violating 36 C.F.R. § 4.12 and assessed $250.00 as set forth in the Collateral Forfeiture Schedule and a $30.00 processing fee for a total of $280.00. (Doc. No. 1). On September 13, 2022, Defendant made his initial appearance and entered a not guilty plea. (Doc. No. 5).

## II. APPLICABLE LAW

A pretrial motion to dismiss seeks dismissal on a question of law. *See United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987). In ruling on such a motion, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."). The court asks only whether a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted).

///

III. ANALYSIS

As an initial matter, while Defendant argues he did not violate CVC § 21706, he was cited with violating 36 C.F.R. § 4.12. (Doc. No. 1). Therefore, the Court analyzes whether the citation sufficiently alleges Defendant violated 36 C.F.R. § 4.12, not CVC § 21706. The Court concludes the citation against Defendant sufficiently alleges he violated 36 C.F.R. § 4.12. That law states "Failure to comply with the directions of a traffic control device is prohibited unless otherwise directed by the superintendent." 36 C.F.R. § 4.12. The statement of probable cause attached to the citation states that Defendant passed an ambulance in a no-passing zone by moving into the oncoming lane of travel. (Doc. No. 1-2). The citation therefore sufficiently alleges Defendant violated 36 C.F.R. § 4.12 and thus cannot be dismissed.

The question before the court is not one of guilt or innocence, but instead is a question of if the United States has alleged Defendant has committed a crime. The clear answer to this question is "yes." Whether Defendant was actually traveling southbound on Highway 41 when he crossed over a solid double-yellow center line to pass an ambulance are questions of fact that are reserved for trial.

Accordingly, it is ORDERED:

1. Defendant's motion to dismiss (Doc. No. 8) is **DENIED**.

2. This matter is set for a Bench Trial on February 6, 2023, at 10:00 a.m. in Yosemite.

3. The Clerk of Court, in addition to mailing, shall provide a copy of this Order by email to Defendant.

Dated:   January 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3

4